

U.S. Department of Justice

*United States Attorney
District of New Jersey*

*970 Broad Street, 7th floor*  973-645-2700
*Newark, New Jersey 07102*

SM/PL AGR
2021R00734

December 27, 2024

Robert C. Scrivo, Esq.
Andrew Gimigliano, Esq.
Mandelbaum Barrett PC
3 Becker Farm Road, Suite 105
Roseland, NJ  07068

      Re:    <u>Plea Agreement with Kyse S. Abushanab</u>

Dear Counsel:

    This letter sets forth the plea agreement between your client, Kyse S. Abushanab ("DEFENDANT"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on January 24, 2025, if it is not accepted in writing by that date. If DEFENDANT does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charge</u>

    Conditioned on the understandings specified below, this Office will accept a guilty plea from DEFENDANT to a one-count Information that charges that DEFENDANT knowingly concealed and disguised the nature, location, source, ownership and control of the provision of material support and resources to a designated foreign terrorist organization ("FTO"), namely the Islamic State of Iraq and Syria ("ISIS"), contrary to Title 18, United States Code, Section 2339B(a)(1), in violation of Title 18, United States Code, Sections 2339C(c)(2)(A) and 2339C(d)(2). If DEFENDANT enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against DEFENDANT for the provision and attempted provision of material support and resources to an FTO—namely, ISIS—and for knowingly

distributing information pertaining to, in whole or in part, the manufacture or use of a weapon of mass destruction between in or around March 2021 and in or around January 2022.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against DEFENDANT even if the applicable statute of limitations period for those charges expires after DEFENDANT signs this agreement, and DEFENDANT agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. §§ 2339C(c)(2)(A) and 2339C(d)(2) to which DEFENDANT agrees to plead guilty in Count One of the Information carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. The prison sentence on Count One may run consecutively to any prison sentence DEFENDANT is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon DEFENDANT is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence DEFENDANT ultimately will receive.

Further, in addition to imposing any other penalty on DEFENDANT, the sentencing judge as part of the sentence:

(1)   will order DEFENDANT to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)      may order DEFENDANT to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*;

(3)      pursuant to 18 U.S.C. § 3583(j), may require DEFENDANT to serve a term of supervised release of any term of years or life, which will begin at the expiration of any term of imprisonment imposed. Should DEFENDANT be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, DEFENDANT may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

<u>Rights of This Office Regarding Sentencing</u>

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on DEFENDANT by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of DEFENDANT's activities and relevant conduct with respect to this case.

<u>Stipulations</u>

This Office and DEFENDANT will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that

stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and DEFENDANT waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Immigration Consequences

DEFENDANT understands that, if DEFENDANT is not a citizen of the United States, DEFENDANT's guilty plea to the charged offense will likely result in DEFENDANT being subject to immigration proceedings and removed from the United States by making DEFENDANT deportable, excludable, or inadmissible, or ending DEFENDANT's naturalization. DEFENDANT understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. DEFENDANT wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause DEFENDANT's removal from the United States. DEFENDANT understands that DEFENDANT is bound by this guilty plea regardless of any immigration consequences. Accordingly, DEFENDANT waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. DEFENDANT also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If

requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against DEFENDANT. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude DEFENDANT from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

This agreement constitutes the entire plea agreement between DEFENDANT and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

    Very truly yours,

    PHILIP R. SELLINGER
    UNITED States Attorney

    By: Sammi Malek
    Assistant U.S. Attorney

APPROVED:

Joyce M. Malliet
Chief, National Security Unit

I have received this letter from my attorneys, Robert C. Scrivo, Esq. and Andrew Gimigliano, Esq. I have read it. My attorneys and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:


_____        Date: 1-24-2025
Kyse S███ Abushanab


I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.


_____        Date: 1/24/25
Robert C. Scrivo, Esq.
Counsel for Defendant


_____        Date: 1/24/25
Andrew Gimigliano, Esq.
Counsel for Defendant

<u>Plea Agreement With Kyse S. Abushanab</u>

<u>Schedule A</u>

1. This Office and Kyse S. Abushanab ("DEFENDANT") agree to stipulate to the following facts:

    a. DEFENDANT knowingly concealed and disguised the nature, location, source, ownership and control of the provision of material support and resources to the Islamic State of Iraq and Syria ("ISIS"), a designated foreign terrorist organization.

    b. DEFENDANT knew that ISIS was a designated foreign terrorist organization, that ISIS has engaged or engages in terrorist activities, or that ISIS has engaged or engages in terrorism.

    c. The offense involved the concealment of the provision of other material support or resources with the intent, knowledge, or reason to believe they were to be used to commit or assist in the commission of a violent act.

    d. The offense is a felony that involved, or was intended to promote, a federal crime of terrorism.

    e. As of the date of this letter, DEFENDANT has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged.

    f. As of the date of this letter, DEFENDANT has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently.

2. The parties also stipulate to a term of supervised release of 25 years.

3. If the sentencing court accepts the factual stipulations set forth above, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so. Otherwise, both parties reserve the right to file, oppose, or take any position in any appeal, collateral attack, or proceeding involving post-sentencing motions or writs.